UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14058-CR-CANNON

UNITED STATES OF AMERICA,

                 **Plaintiff,**

vs.

**DOMINIC ANDRE ELVIR,**

                 **Defendant.**

_____/

## APPEAL FROM THE MAGISTRATE COURT'S ORDER DENYING THE GOVERNMENT'S MOTION FOR PRE-TRIAL DETENTION

The United States of America, by and through the undersigned Assistant United States Attorney, pursuant to 18 U.S.C. § 3145(a)(1), files this Appeal and Motion for Revocation of the Magistrate's Order Granting Bond (23-mj-70607, ECF No. 4). The United States submits that the defendant, indicted for a violation of 18 U.S.C. § 922(g)(1), poses a serious risk of flight, and that no condition or combination of conditions are sufficient to assure his appearance in this matter. The United States established that the defendant was a risk of flight by the preponderance of the evidence. The United States requests that the District Court revoke the Release Order after conducting a *de novo* review of the record, that the Court permit the parties to present additional evidence if needed, and that the defendant remain in custody pending the appeal of the Release Order.

**I.    FACTUAL BACKGROUND**

    a.  Procedural History

On September 22, 2022, a federal grand jury in the Southern District of Florida returned an Indictment charging the defendant with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (ECF No. 1).

On May 3, 2023, the United States Marshal Service arrested the defendant on the warrant in this case.

On May 4, 2023, the defendant appeared for his initial appearance in the Northern District of California, at which time the United States requested pretrial detention based on risk of flight. The defendant's detention hearing was held on May 10, 2023.[1]

b. Factual Background

On March 13, 2019, the defendant was convicted in Florida state court of one count of burglary of an unoccupied structure, in violation of Florida statute 810.02(1) and (4)(a), and one count of grand theft, in violation of Florida statute 812.014(1)(a),(b), and (2)(c)1 in case number 18012611CF10A in Broward County, Florida. He was sentenced to three years drug offender probation, which included a requirement that the defendant obtain the consent of his probation officer, prior to changing his residence.

In the course of the investigation that led to the Indictment in this case, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Special Agent (SA) Brett Smith interviewed a cooperating defendant, referred to here as cooperating defendant 1 (CD1). During that interview, CD1 showed SA Smith a video of the defendant shooting a firearm at the Allapattah Flats Wildlife Management Area, located in Martin County, Florida. SA Smith obtained the same video from a search warrant of CD1's SnapChat account, and obtained two additional videos. The video files were dated January 1, 2021. CD1 identified the defendant in the video, and told SA Smith that the firearm depicted therein was his Glock 19, 9mm firearm. After a closer inspection of the videos, agents were able to determine a partial serial number for the firearm in question.

---

[1] The government has ordered the recording of the Detention Hearing and will file a transcript of the hearing upon receipt. Given the time-sensitive nature of the relief sought and the fact that the government believes the defendant is a risk of flight, it is filing the instant appeal without delay.

CD1 provided the Glock 19 to ATF special agents for inspection and tool mark analysis. The serial number found on CD1's Glock matched the partial serial number of the firearm depicted in the SnapChat video. ATF SA James Fidler returned to the Allapattah Flats Wildlife Management Area, collected seven spent 9mm casings, and submitted them for tool mark comparison against a casing test fired from CD1's Glock 19. Tool mark analysis concluded that two of the recovered casings were fired from CD1's Glock 19.

Then, on August 11, 2021, the defendant left his residence in Delray Beach, Florida, without notifying or obtaining the consent of his probation officer, violating the terms of his Florida state probation. According to the Florida state probation violation report, the defendant told his mother "that he had tested positive during a drug test and that he was not going to prison."[2]

On May 10, 2023, the Honorable Magistrate Judge Robert M. Illman of the Northern District of California, held a detention hearing in this case. At that hearing, pretrial services stated that there were two active Florida state no-bond warrants for the defendant's arrest: one issued on October 13, 2021 for a new charge of felon in possession of a firearm,[3] and a second no-bond warrant for a violation of the defendant's probation.[4]

Counsel for the defendant represented that at the time the defendant left Florida, he was addicted to drugs, but that as of May 10, 2023 he had not been using drugs for approximately one and a half years. The defense also called the defendant's mother, Michelle Liotta as a witness. Ms. Liotta testified that she was willing to offer her residence for collateral to secure a bond issued by the Court. She admitted that she knew that the defendant was on probation in Florida, but stated

---

[2] *See* Government's Exhibit 1 – Amended Warrant and Affidavit of Violation of Drug Offender Probation in 18012611CF10A – March 4, 2022.
[3] While the government does not have a copy of this warrant, the government can verify that this warrant was issued based on state of Florida charges stemming from the same offense conduct as the instant case.
[4] This warrant was issued for a violation of Florida state probation in case number 18012611CF10A.

that she did not know that the defendant was not permitted to leave Florida as a condition of his probation. When asked if it bothered her that the defendant had failed to contact his probation officer in Florida, despite being a "changed person," she indicated that it did bother her, and that she encouraged him to contact them (probation). She also claimed that the defendant told her that "he tested positive during a drug test and that he was not going back to prison," after he had already left Florida.

## II. LEGAL STANDARD

Upon motion by the government, a district court is permitted to review a Magistrate Judge's release order. *See* 18 U.S.C. § 3145(a)(1). The district court must conduct a *de novo* review of the release decision. *See United States v. Hurtado*, 779 F.2d 1467, 1481 (11th Cir. 1985); *United States v. Niles*, 874 F. Supp. 1372, 1374 (N.D. Ga. 1994) (citing *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988)). Review by the district court contemplates an "independent consideration of all facts properly before it." *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987) (citing *Hurtado*, 779 F.2d at 1480-81). If the district court concludes after a careful review of both the parties' papers and the evidence presented at the detention hearing that the evidence supports the Magistrate Judge's findings of fact, and if the district court concludes that the Magistrate Judge correctly applied the law, "[t]he court may then explicitly adopt the magistrate's pre-trial [release] order." *King*, 849 F.2d at 490. However, if necessary, to the resolution of an essential issue of fact, the district court may marshal further evidence by convening a hearing. *Id.* at 491.

Under the Bail Reform Act, 18 U.S.C. § 3142, a defendant may be detained pending trial if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]"

4

18 U.S.C. § 3142(e). A judicial officer's finding of dangerousness must be "supported by clear and convincing evidence," 18 U.S.C. § 3142(f)(2), while detention based on risk of flight must be proven by a preponderance of the evidence. *King*, 849 F.2d at 489.

In determining whether the government has met its burden, the court must consider certain factors, including:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

"A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); *accord Hurtado*, 779 F.2d at 1479.

### III. ARGUMENT

The evidence presented at the detention hearing firmly established that the defendant is a risk of flight and should be ordered detained pending trial.

First, the nature and circumstances of the defendant's flight and arrest demonstrate that the defendant attempted to evade detection by law enforcement by fleeing Florida for California when he realized that he violated his state probation by testing positive for the use of illegal substances. On March 13, 2019, the defendant was placed on drug offender probation for three years in case number 18012611CF10A out of Broward County, Florida, for one count of burglary of an unoccupied structure, in violation of Florida statute 810.02(1) and (4)(a), and one count of grand theft, in violation of Florida statute 812.014(1)(a),(b), and (2)(c)1. On August 11, 2021, the defendant absconded from supervision by leaving Florida without the consent of his probation officer. During a statement on August 17, 2021 to Florida state probation, the defendant's mother admitted that the defendant told her "that he had tested positive during a drug test and that he was not going to prison."[5] She also admitted that the last time the defendant was living at her address was August 11, 2021.

From August 11, 2021, until May 3, 2023, the defendant remained at large, and never reached out to his Florida probation officer to notify him of his change in residence, nor address the inevitable probation violation for absconding from supervision, despite the urging of his mother.

Now, in addition to his violation of Florida state probation, the defendant is facing a significant term of imprisonment in the instant case if convicted. The government submits its case against the defendant is strong and will only get stronger.

---

[5] *See* Government's Exhibit 1 – Amended Warrant and Affidavit of Violation of Drug Offender Probation in 18012611CF10A – March 4, 2022.

The defendant's conduct while on probation demonstrates that he is unwilling to comply with the directives of the Court, and specifically, will flee supervision when faced with the prospect of prison time.  In his state probation case, the defendant chose to flee supervision for nearly two years, rather than deal with the consequences of his illegal drug use.  The likelihood that the defendant will flee prosecution has increased, now that the defendant faces a maximum penalty of five years per count, less any time served on probation, for violating his Florida state probation, as well as up to an additional ten years in federal prison in this case.  Moreover, the defendant is currently residing on the opposite side of the country in California, where if released, he would have numerous opportunities to flee during his journey back to Florida.

Accordingly, based on the defendant's conduct, and previous flight from prosecution, the government demonstrated by a preponderance of the evidence that the defendant poses a serious risk of flight under 18 U.S.C. § 3142(f)(2)(A), and therefore, this Court should revoke the Magistrate Court's Order of Release pursuant to 18 U.S.C. § 3145(a)(1), and order that the defendant be detained pending trial.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:  **/s/Christopher H. Hudock**
Christopher H. Hudock
Assistant United States Attorney
Florida Bar# 92454
101 South U.S. Highway 1, Suite 3100
Fort Pierce, Florida 34950
Telephone: (772) 293-0951
Email:Christopher.hudock@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on May 17, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by either regular U.S. mail or inter-office delivery.

                                                  **/s/Christopher H. Hudock**
                                                  Christopher H. Hudock
                                                  Assistant United States Attorney